1

2

3

4

5              UNITED STATES DISTRICT COURT

6              EASTERN DISTRICT OF CALIFORNIA

7

| | |
|---|---|
| 8   ANGELES RUFINO JADAN-BALAREZO, | No.  1:26-cv-01732-KES-SKO (HC) |
| 9                          Petitioner, | |
| 10           v. | ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION |
| 11   Christopher CHESTNUT in his official | Doc. 2 |
| 12   capacity as the Warden of the California City Detention Center operated by | |
| 13   CORECIVIC, INC., a Maryland corporation; Kristi NOEM, Secretary of the | |
| 14   Department of Homeland Security; Pamela BONDI, U.S. Attorney General; in their | |
| 15   official capacity; Moises BECERRA, in his | |
| 16   official capacity as Field Office Director of Immigration and Customs Enforcement, | |
| 17   Enforcement and Removal Operations, | |
| 18                          Respondents. | |

19

20       Before the Court is petitioner Angeles Rufino Jadan-Balarezo's motion for temporary

21   restraining order.  Doc. 2.  The Court has previously addressed the legal issues raised by the

22   motion for temporary restraining order.  *See e.g.*, *Crispin M. C. v. Noem*, No. 1:25-CV-01487-

23   KES-HBK (HC), 2026 WL 70553 (E.D. Cal. Jan. 8, 2026); *J.A.C.P. v. Wofford*, No. 1:25-CV-

24   01354-KES-SKO (HC), 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025); *Lepe v. Andrews*, 801

25   F. Supp. 3d 1104 (E.D. Cal. 2025).

26       The Court set a briefing schedule on the motion for temporary restraining order and

27   ordered respondents to show cause as to whether there are any factual or legal issues in this case

28   that distinguish it from the Court's prior orders and that would justify denying the motion.

1

1    Doc. 5.  The Court also ordered respondents to state their position on whether the motion should

2    be converted to a motion for preliminary injunction and whether they request a hearing.  *Id.*

3    Respondents "submit there are no significant factual or legal issues in this case that materially

4    distinguish it from the cases identified in the Order."  *See* Doc. 7 at 1.  While respondents oppose

5    the motion, they do not raise any new arguments.[1]  *See id.* at 1–2.[2]  They also do not object to

6    converting the motion.  *See id.*

7         As respondents have not made any new legal arguments and have not identified any

8    factual or legal issues in this case that distinguish it from the Court's prior decisions in *Crispin*

9    *M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553 (E.D. Cal. Jan. 8,

10   2026), *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328 (E.D. Cal.

11   Oct. 27, 2025), and *Lepe v. Andrews*, 801 F. Supp. 3d 1104 (E.D. Cal. 2025), the motion for

12   temporary restraining order is converted to a motion for preliminary injunction and GRANTED,

13   for the reasons stated in those prior orders.

14        The Court ORDERS that respondents release petitioner immediately.  If the government

15   seeks to re-detain petitioner, it must provide no less than seven (7) days' notice to petitioner and

16   must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and

17   its implementing regulations, at which petitioner's eligibility for bond must be considered.

18

19   [1] Two courts of appeal have addressed whether 8 U.S.C. § 1225(b)(2)(A) applies to noncitizens
     who have resided in the United States without having been admitted.  *See Castañon-Nava v. U.S.*
20   *Dep't of Homeland Sec.*, 161 F.4th 1048, 1060–62 (7th Cir. 2025) (concluding that government
     was not likely to prevail on the merits that petitioner was subject to mandatory detention under
21   § 1225(b)(2)(A)); *Buenrostro-Mendez v. Bondi*, --- F.4th ---, Nos. 25-20496, 25-40701, 2026 WL
     323330 (5th Cir. Feb. 6, 2026) (finding petitioners were subject to mandatory detention under
22   § 1225(b)(2)(A)).  Respondents cite to the *Buenrostro-Mendez* decision.  Doc. 7 at 1–2.  The
     Court finds the analysis in *Castañon-Nava* and in the dissent in *Buenrostro-Mendez* to be more
23   persuasive on the statutory interpretation issue.

24
     [2] Respondents also request, in the alternative, that this case be held in abeyance pending the
25   appeal in *Rodriguez v. Bostock*, No. 25-6842 (9th Cir.), which appears to concern the issue of
     whether § 1226(a) or § 1225(b) applies to individuals who entered the country without inspection
26   and who were not apprehended by immigration authorities before their detention in 2025.  *See*
     Doc. 7 at 2.  Given the nature of the relief sought by petitioner, the Court declines to defer a
27   ruling on petitioner's motion for preliminary relief.  The magistrate judge may consider whether
     to hold further proceedings on the petition in abeyance.
28

1    The security bond requirement of Federal Rule of Civil Procedure 65(c) is waived.  Courts

2  regularly waive security in cases like this, and the government has not established a need to

3  impose a security bond.

4    This matter is referred to the assigned magistrate judge for further proceedings, including

5  the preparation of findings and recommendations on the petition for writ of habeas corpus or

6  other appropriate action.

7

8  IT IS SO ORDERED.

9    Dated:    March 8, 2026

                                               UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28